UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRIAN MORRELL,

    Plaintiff,

v.                                         Case No. 5:23-cv-326-TJC-PRL

DOLLAR TREE,

    Defendant.

## O R D E R

Plaintiff, who is proceeding in this case without the assistance of counsel, filed suit against defendant Dollar Tree[1] in state court, alleging that the Dollar Tree location in Lady Lake, Florida, where plaintiff frequently shops, had installed "vertical theft bars" on its shopping carts, which prevent shoppers from taking the carts into the parking lots.  This presented a challenge for plaintiff because he is a disabled Army veteran suffering from Parkinson's and other neurological disorders and he cannot transport his heavy shopping bags from the store to his car without the use of a shopping cart.  Plaintiff claimed the vertical theft bars created a violation of the ADA.  He sought $8,000 in

---

[1] Defendant states the proper party should be "Dollar Tree Stores, Inc." See Doc. 6 at 1 n.1.

damages and wants the vertical theft bars removed so shoppers like him can again transport their shopping bags to their cars.[2]

Because plaintiff sued under the ADA, Dollar Tree removed the case to federal court and filed a motion to dismiss, arguing that plaintiff has failed to state a claim under Title III of the ADA, the ADA's public accommodations provisions. Those provisions prohibit a party who owns, leases, or operates a place of public accommodation (such as a store) from denying disabled individuals "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" that the non-disabled public enjoys. 42 U.S.C. § 12182(a). As defendant notes, a party operating a place of public accommodation need not alter the goods or services it offers to others to avoid violating the ADA, and is not required to provide disabled persons with items or devices that are not ordinarily provided to other customers. McNeil v. Time Ins. Co., 205 F.3d 179, 188 (5th Cir. 2000); Lowe v. Wal-Mart Stores, Inc., 3:16-cv-2017-N-BK, 2017 WL 1102806, at *2 (N.D. Tex. Feb. 21, 2017), report and recommendation adopted, 2017 WL 1091652 (N.D. Tex. Mar. 23, 2017); 28 C.F.R. § 36.306.

---

[2] As defendant notes (and plaintiff essentially concede in a later filing), monetary damages are not available for ADA claims. See, e.g., A.L., ex rel. D.L. v. Walt Disney Parks & Resorts, US, Inc., 900 F.3d 1270, 1290 (11th Cir. 2018).

However, Title III of the ADA does require public accommodations to "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii). Here, plaintiff alleges that he "reached out to the store and corporate" but did not receive a response so filed suit. In PGA Tour, Inc. v. Martin, the Supreme Court explained that in considering a Title III claim, "an individualized inquiry must be made to determine whether a specific modification for a particular person's disability would be reasonable under the circumstances as well as necessary for that person, and yet at the same time not work a fundamental alteration" to defendant's business. 532 U.S. 661, 688 (2001).

Perhaps there is an accommodation that can reasonably be achieved to assist plaintiff with transporting his heavy purchases without fundamentally altering the nature of defendant's business. Or perhaps there is not. That determination must await further factual development through discovery. In the circumstances and procedural posture of this case, it is premature to undertake that inquiry. Plaintiff has alleged sufficient facts to state a claim

3

for violation of Title III of the ADA.³  Dollar Tree's motion to dismiss (Doc. 6) is **denied**.  In reaching this decision, the Court is in no way predicting whether plaintiff could ultimately prevail on his claim.  However, before proceeding further with the litigation, the Court will convene a **telephone conference** on **Monday, April 15, 2024 at 2:00 p.m.** to determine whether settlement discussions might be fruitful.  The conference line will be activated at 1:50 p.m. so the hearing may start promptly at 2:00 p.m.  To participate in the call, the parties are directed to call the reserved conference line toll free at **1-888-684-8852**.  The access code for all participants is **2594705** and the participant security code is **523326**.⁴  The parties are free to confer in advance of the telephone conference to attempt to reach an agreement.

    **DONE AND ORDERED** in Jacksonville, Florida this 29th day of February, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record
Pro se plaintiff

---

³ Based on plaintiff's allegations, the Court presumes for purposes of this order that plaintiff is a qualified individual with a disability within the meaning of the ADA.  This too would need to be proven.

⁴ The parties should use landlines if possible for improved audio quality. They also should put themselves on mute when not speaking.

4